UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

STANLEY L. GIBBS,

        Petitioner,        Case No. 1:12-cv-359

v.        Honorable Paul L. Maloney

CARMEN PALMER,

        Respondent.

_____/

**ORDER OF TRANSFER
TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Stanley L. Gibbs presently is confined at Michigan Reformatory.

Petitioner is serving a sentence of life in prison without parole, imposed by the Genesee County Circuit Court on November 18, 1980, after Petitioner was convicted of first-degree murder. Petitioner filed a habeas application in the Western District of Michigan in 2003, which was transferred to the Eastern District of Michigan on venue grounds. *See Gibbs v. Birkett*, No. 2:03-cv-73058 (E.D. Mich.). In a memorandum opinion and order issued August 19, 2003, the court dismissed the petition with prejudice because it was barred by the statute of limitations. *Id.* (docket ##2, 3). Thereafter, in 2006, Petitioner filed a second habeas petition in the Eastern District of Michigan. *See Gibbs v. Birkett*, No. 2:06-cv-11668 (E.D. Mich.). On April 18, 2006, the Eastern District transferred the petition to the Sixth Circuit because it was second or successive. *Id.* (docket

#3). The Sixth Circuit thereafter denied Petitioner's motion to file a successive petition on November 1, 2006. *Id.* (docket #4).

Because Petitioner's previous habeas actions were filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[1] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162,

---

[1] When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

164 (7th Cir. 1996)). A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Petitioner's 2003 habeas action was dismissed as time-barred; thus, the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

        IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Date:  April 30, 2012                                /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           Chief United States District Judge